IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SCOTT CRISWELL<br>And TAMMY CRISWELL, Individually<br>And as Husband and Wife, | |
| Plaintiffs, | Civil Action No.  2:20-CV-5319 |
| Vs. | Judge_____ |
| REXDON, INC., a for-profit Illinois<br>Corporation doing business in Ohio, and<br>CLAYTON CHRISTNER, Individually, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiffs Scott Criswell and Tammy Criswell (collectively, "Plaintiffs"), by and through their attorneys, file this Complaint and Jury Demand against the Defendants, Rexdon, Inc. and Clayton Christner, and state as follows:

## OVERVIEW

Defendant Rexdon, Inc. ("Rexdon") hired Defendant Clayton Christner ("Christner") to transport goods in a tractor-trailer.  Defendant Christner was driving a 2010 Freightliner Cascadia tractor-trailer (the "Tractor-Trailer") westbound on U.S. Interstate 70 ("I-70") near mile marker 87 in Franklin County, Ohio, travelling at 45 miles per hour when he crashed into the rear end of Scott and Tammy Criswell's vehicle as they were stopped in traffic in a line of vehicles.  (the "Collision").  The force of the Collision crushed the rear end of the Criswell's Toyota Prius and caused them to impact the vehicle stopped in front of them.  Both Scott and Tammy Criswell

sustained serious injuries and were transported to Grant Medical Center's trauma unit. Scott Criswell underwent emergency surgery due to his injuries and has suffered a permanent and substantial physical deformity.

## THE PARTIES

1. Scott and Tammy Criswell are residents of the State of California and, at all relevant times, were living together as husband and wife in Shafter, California.

2. Defendant Rexdon, Inc. is a for-profit corporation organized under the laws of the State of Illinois and with its principal office located in the State of Illinois. Defendant Rexdon conducts business, transports goods for-hire and caused tortious injury in the State of Ohio. Defendant Rexdon is registered with the Federal Motor Carrier Safety Administration (USDOT NO. 230291) and has designated Dan Cavanaugh, TMC located at 89 West Martin Street, East Palestine, Ohio 44413, as its agent for service of process under 49 C.F.R. § 366.

3. Defendant Clayton Christner is a resident and citizen of the State of Pennsylvania and may be served with process at 199 Prittstown Road, Mount Pleasant, Pennsylvania 15666. At the time of the Collision, Defendant Christner was an agent or employee of Defendant Rexdon and was operating the Tractor-Trailer within the course and scope of this agency or employment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy grossly exceeds $75,000 exclusive of interest and costs.

5. Once served, the Defendants are subject to the personal jurisdiction of this Court pursuant to Ohio's long arm statute (Ohio Revised Code § 2307.382) because, *inter alia*, Defendants regularly transact business in Ohio, caused tortious injury in Ohio, and regularly contract to supply services in Ohio. Further, Defendants regularly transport goods on Ohio's highways and other roadways.

6. Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims (that is, the serious Collision) occurred in this District.

## BACKGROUND FACTS

7. All allegations and statements contained above are incorporated by reference as if restated herein verbatim.

8. Defendant Rexdon hired Defendant Clayton Christner to transport goods via tractor-trailer in interstate commerce.

9. On or about August 5, 2019, Rexdon driver Defendant Christner was operating a 2010 Freightliner Cascadia tractor-trailer bearing Defendant Rexdon's name and US DOT number.

10. At all relevant times, the Tractor-Trailer had a Gross Vehicle Weight Rating ("GVWR") of 80,000 pounds; it was a commercial motor vehicle ("CMV"); and it was operated under the USDOT number and motor carrier number and operating authority assigned to Defendant Rexdon (US DOT NO. 230291, MC NO. MC-166726).

11. On August 5, 2019, Scott and Tammy Criswell were driving through Columbus, Ohio in a Toyota Prius on a recreational roadtrip as a couple. While they were travelling on I-70 westbound in Franklin County, Ohio near mile marker 87, they approached a construction zone and a line of vehicles stopped in traffic.

12. Tammy Criswell brought the Toyota Prius to a stop in the line of vehicles, as did all other vehicles in front of her, when the Criswell's vehicle was suddenly and violently impacted in the rear by the Tractor-Trailer.

13. In the course of transporting the load on a straight, dry grade of marked highway, at approximately 4:30 p.m. on August 5, 2019, on I-70 near mile marker 87 in Franklin County, Ohio, Defendant Christner failed to recognize a line of vehicles stopped in traffic in a construction zone and collided into the rear of the Criswell's vehicle while travelling approximately 45 miles per hour.

14. The force of the large Tractor-Trailer crushed the back of the Criswell's Toyota Prius and violently jettisoned them into the vehicle stopped in front of them hard enough to cause that vehicle to collide with the vehicle in front of it.

15. As a direct and proximate result of the negligent and reckless conduct of Defendant Rexdon's driver, the plaintiffs' suffered serious injuries and damages, including pain and suffering, mental anguish, emotional distress, loss of ability to enjoy life, loss of ability to function as a whole person, loss of household services, loss of consortium, and permanent and substantial physical deformity (among other damages).

## COUNT I – NEGLIGENCE AND RECKLESSNESS
## AGAINST DEFENDANT CLAYTON CHRISTNER

16. All facts and allegations above are incorporated herein by reference as if restated verbatim.

17. Defendant Christner owes a duty to use reasonable care to operate and control the Tractor-Trailer and obey all traffic laws and federal regulations regarding the transportation of goods on public highways.

18. Defendant Christner breached these duties by driving at an unsafe speed, by driving while distracted or otherwise failing to pay reasonable attention to the task of driving the large Tractor-Trailer, by failing to bring the Tractor-Trailer to a stop for traffic in front of him, and striking the Criswell's vehicle.  The breach of one or more of these duties caused severe and permanent injuries to Scott and Tammy Criswell.

19. As a foreseeable and proximate result of Defendant Christner's negligent and reckless actions and omissions, in breach of his duties, Scott and Tammy Criswell suffered and/or will continue to suffer serious and permanent injuries and are entitled to recover damages.

20. Defendant Christner acted willfully, wantonly, and recklessly, and his actions and omissions demonstrate a conscious disregard for the safety of others.

21. Defendant Christner is liable for the above-described actions and omissions, the damages proximately caused, and any punitive or exemplary damages.

## COUNT II – VICARIOUS LIABILITY
## AGAINST DEFENDANT REXDON, INC.

22. All facts and allegations above are incorporated herein by reference as if restated verbatim.

23. The negligent and reckless actions and omissions of Defendant Christner set forth herein were committed within the course and scope of his employment and/or agency with Defendant Rexdon.

24. As the master, employer, or principal of Defendant Christner, Defendant Rexdon is vicariously liable for the negligent and reckless actions and omissions of Defendant Christner, the damages proximately caused, and any punitive or exemplary damages.

25. Defendant Rexdon was the motor carrier for the load that was being hauled by Defendant Christner and had retained the right of control over Defendant Christner at all relevant times.

26. Defendant Rexdon is also vicariously liable for the Collision as a motor carrier for the load being hauled, as a statutory employer of Defendant Christner, under the Federal Motor Carrier Safety Regulations (the "FMCSRs"), and under the leasing agreement between the defendants.

## COUNT III – DIRECT NEGLIGENCE
## AGAINST DEFENDANT REXDON

27. The facts and allegations above are incorporated herein by reference as if restated verbatim.

28. Defendant Rexdon is in the business of hauling cargo and goods for-hire over the public roadways of the United States in interstate commerce.

29. The hauling of cargo and goods for-hire in large tractor-trailers is an activity in which Defendant Rexdon could not legally engage without first obtaining a franchise and authority from the Federal Motor Carrier Safety Administration ("FMCSA").

30. To legally carry out its business, Defendant Rexdon was required to and did obtain a franchise and operating authority from the FMCSA.

31. The operation of large tractor-trailers – like the Tractor-Trailer operated by Defendant Christner – which, when loaded, can weigh upwards of 80,000 pounds, over the public highways alongside the motoring public is an inherently dangerous activity and creates an unreasonable risk of harm to other motorists on the public roadways, including Scott and Tammy Criswell.

32. Pursuant to Ohio law and the FMCSRs, including 49 C.F.R. § 390.11, Defendant Rexdon, as the motor carrier for the subject load, had a non-delegable duty to assure that the load was transported in a reasonably safe manner, including compliance with all applicable traffic laws, ordinances, regulations, and other reasonable safety requirements.

33. On or about August 5, 2019, Defendant Rexdon, through its agents, servants, employees, and/or contractors, breached the duties owed to the Ohio public and Scott and Tammy Criswell, specifically, through the negligent and reckless conduct of its hired driver, Defendant Christner, set forth above.

Case: 2:20-cv-05319-EAS-EPD Doc #: 1 Filed: 10/09/20 Page: 8 of 9  PAGEID #: 8

34. As a direct and proximate result of the breach Defendant Rexdon's non-delegable duty, Scott and Tammy Criswell suffered severe and permanent injuries and other damages.

WHEREFORE, the Plaintiffs, Scott Criswell and Tammy Criswell, Individually and as husband and wife, request relief from the defendants as follows:

a. Compensatory damages for past and future pain and suffering, past and future emotional distress and mental anguish, loss of enjoyment of life, loss of ability to function as a whole person, past and future medical and life care expenses, loss of income, and all other such damages in an amount to be determined by the Jury upon proper proof presented at trial;

b. Loss of Consortium;

c. Punitive or Exemplary Damages;

d. Pre- and Post-Judgment Interest;

e. Attorneys' fees; and

f. Such other general or specific relief as may be shown by the evidence in this case.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES.**

**SCOTT CRISWELL and
TAMMY CRISWELL,
Plaintiffs,
By Counsel,**

**/s/  *Travis T. Mohler***
Travis T. Mohler (0083365)
Dino S. Colombo (0097591)
Colombo Law
4016 Townsfair Way, Ste. 210
Columbus, Ohio 43219
p.      (614) 362-7000
f.      (614) 547-6562
travism@colombolaw.com
dinoc@colombolaw.com
*Counsel for Plaintiffs*